UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-00097-DCN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| MICHAEL GENE RUSSELL, | |
| Defendant. | |

Before the Court is Defendant Michael Gene Russell's motion for furlough brought pursuant to 18 U.S.C. § 3142(i). (Dkt. 18.) The Government opposes the motion. (Dkt. 21.) A hearing on the motion was held on November 19, 2021. For the reasons that follow, the Court will grant in part and deny in part the motion.

## BACKGROUND

Russell is charged with possession of child pornography. (Dkt. 1.) The Government moved for detention on the basis that Russell poses a risk of flight and danger to the community. (Dkt. 4.) On April 20, 2021, Russell made his initial appearance and waived detention hearing. (Dkt. 6.) An order of detention was entered. (Dkt. 11.) Trial is scheduled to commence on December 20, 2021.

**ORDER - 1**

On November 2, 2021, Russell filed the motion for furlough presently before the Court. Russell's father passed away on October 1, 2021, from COVID-19 related complications. (Dkt. 19.) Russell requests a furlough for the purpose of accompanying his mother to spread his father's ashes at several locations in the Treasure Valley. (Dkt. 18.) The motion presents two release plans: 1) that Russell be released to the custody of his mother for one day subject to certain conditions, or 2) that Russell be transported to the federal courthouse and released to the custody of his mother for one hour with appropriate restrictions, including that Russell remain in the federal courthouse and other conditions. The Government opposes the motion, arguing Russell poses a danger to the community and is a flight risk under the § 3142(g) factors. (Dkt. 21.)

During the hearing on November 19, 2021, the parties presented witness testimony, proffers, and argument. At the conclusion of the hearing, defense counsel was directed to submit a proposed order for the Court's consideration. Counsel for Russell submitted the requested proposed order. The Court has considered Russell's proposed order and conferred with the United States Marshals Service (USMS) regarding Russell's request. For the reasons that follow, the Court will deny the motion for furlough but will grant Russell a short, in-custody visit to the cemetery facilitated by the USMS for the purpose of grieving for his father.

## STANDARD OF LAW

Under the Bail Reform Act of 1984, if the Court finds the defendant poses a danger to public safety or a flight risk, the Court may order the defendant detained pending trial if no conditions, or a combination of conditions, can be fashioned to reasonably provide such

ORDER - 2

assurances. 18 U.S.C. § 3142(f). In assessing what conditions, if any, to impose, courts consider the following factors set forth in Section 3142(g): the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the defendant was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Relevant here, where a person has been detained, Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary release under Section 3142(i). *United States v. Cox*, 2020 WL 1491180, at *2 (D. Nev. March 27, 2020); *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). The Court must make an individualized determination as to whether Russell has demonstrated that temporary release is warranted in this case under Section 3142(i).

### DISCUSSION

During the hearing, counsel for Russell argued compelling reasons for release exist based on the losses to Russell's immediate family particularly in the context of the ongoing pandemic. Russell's father passed away on October 1, 2021, from COVID-19 related complications. At the time of the hearing, Russell's brother was hospitalized in Alaska with

severe COVID-19 symptoms.[1] Russell's mother, Rita Russell, testified at the hearing about the importance of having a period of time with Russell to grieve their family's losses as they are all that is left of their family. Counsel represented that the Ada County Jail does not currently allow in-person visits, leaving the only options for Russell and his mother to have contact is limited to the telephone and possibly video.

Defense counsel argued the request furthers the compelling interests of family, society, and the criminal justice system. Defense counsel likened Russell's request for release to the Bureau of Prisons furlough procedure permitting temporary release to allow an inmate to be present during a crisis within their immediate family or other urgent circumstances as further support for finding compelling reasons. *See* 18 U.S.C. § 3622 ("The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission . . . if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions [to] visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of . . . attending a funeral of a relative.). Given such release is possible for an individual after they have been convicted, defense counsel argued Russell's request for release is certainly compelling in the pre-trial context.

---

[1] The Court is unaware of the current health status of Russell's brother.

In response, the Government argued Russell has not shown a sufficiently compelling reason to grant the motion for release. The Government pointed out there are logistical complications granting Russell release given the outstanding fully extraditable warrant from Alaska. Moreover, the Government expressed its concerned that Russell is not a first time offender and that the charged conduct involves allegations that Russell reoffended by committing a sex offense while on probation for another sex offense. The Government pointed out that Russell engaged in the charged conduct while subject to conditions of probation that were specifically designed to minimize and prevent the risk that Russell posed to the community. The conditions of Russell's probation are similar to the conditions that the Court would impose if the motion for release is granted, which Russell did not abide by while on probation.

Further, the Government argued Russell's statements to the polygrapher demonstrate his sexual attraction to children and specific instances of seeing children in the community who he later fantasized about, demonstrating the danger Russell poses to the community. Finally, the Government noted Russell is able to contact his mother by telephone or video from the Ada County Jail.

After carefully considering the presentations of the parties and the entire record, the Court finds Russell has shown compelling reasons exist to provide Russell a short, in-custody visit to the cemetery to grieve for the loss of his father. The loss of a parent compounded by the other familial interests presented during the hearing are sufficiently compelling reasons to facilitate a way for Russell to grieve for his father. Particularly

ORDER - 5

during the current global pandemic and the impact it has had on Russell's immediate family members. Accordingly, the Court will grant Russell's motion in part on this basis.

However, the Court will deny Russell's request for a furlough or temporary release to the custody of his mother. In making this determination, the Court has considered the Section 3142(g) factors. The nature and circumstances of the charge involve possession of child pornography and carries a statutory mandatory-minimum penalty of ten years and a possible maximum penalty of twenty years imprisonment, if convicted. The Government's proffer of the evidence supporting the charge includes that Russell: used of multiple electronic devices to access and possess 10,000 files depicting children being sexually abused; was previously convicted for the same conduct in 2013; and engaged in the charged conduct knowing that it was illegal and was in violation of the terms of his probation. (Dkt. 21.) The Government also proffered statements made by Russell to a polygrapher that indicate he poses a risk to other individuals in the community, particularly children.

Russell's criminal history includes his 2013 conviction for possession of child pornography in the state of Alaska. Critically, Russell engaged in the charged conduct while on probation and subject to conditions of probation intended to prevent the very conduct he is alleged to have committed in the instant offense.

Based on the foregoing, the Court finds that Russell presents a risk to the community that cannot be minimized by any conditions of release, even temporarily. For that reason, the Court denies the request for release. The Court appreciates that the motion primarily seeks to facilitate a way for Russell to have contact with his mother so they can grieve together.

**ORDER - 6**

Following the hearing, the Court conferred with the USMS regarding the possibility of facilitating such a meeting between Russell and his mother. However, the policy directive of the USMS for in-district prisoner movements simply does not allow for an in-custody individual to meet with family members in these circumstances, due to serious safety concerns. Accordingly, the Court will deny the motion's request for a meeting between Russell and his mother. Instead, the Court will grant Russell a short, in-custody visit to the Hillcrest Memorial Gardens cemetery in Caldwell, Idaho, facilitated by the USMS.[2]

Russell is directed to notify his counsel if he desires to visit the cemetery. Defense counsel will in turn advise the USMS of Russell's election. The USMS will arrange for the visit and may coordinate with defense counsel or others as necessary to facilitate the visit. The scheduling and the conditions of the cemetery visit will be subject to the availability of and at the discretion of the USMS.

---

[2] Russell's mother testified that Hillcrest Memorial Gardens cemetery is where Russell's grandparents are buried.

**ORDER - 7**

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Motion for Furlough (Dkt. 18) is **GRANTED IN PART AND DENIED IN PART** as follows:

1)      The motion for temporary release is denied.

2)      The motion is granted to the extent Defendant elects to have an in-custody visit to the Hillcrest Memorial Gardens cemetery in Caldwell, Idaho as stated herein.

The Clerk of the Court is directed to serve a copy of this order on all parties and the United States Marshals Service.

DATED: December 7, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge

**ORDER - 8**